FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA.

2007 DEC 18

BY DEPUTY CLERK

FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

DAVID D. CLIFFORD #109543 (LDOC);

AKA MICHAEL J. COLEMAN #18116-034 (FBOP)            CIVIL ACTION
(Enter above the full name of the
plaintiff in this action.)

NO. _____

versus                                              SECTION _____

STATE OF LOUISIANA; GOVERNOR KATHLEEN BLANCO;
LOUISIANA LEGISLATURE; ATTORNEY GENERAL CHARLES FOTI;
LOUISIANA DEPARTMENT OF PUBLIC SAFETY/CORRECTIONS; RICHARD
(Enter above the full name of the   STALDER (LDPS&C SECRETARY); WARDEN
defendant or defendants in this   N. "BURL" CAIN; MAIL ROOM (LSP) SUPERVISOR
action.)   J. DOE; IN THEIR OFFICIAL AND PERSONAL CAPACITIES
          #1; JUDGE "J. DOE #2", 20TH JUDICIAL DISTRICT COURT

## COMPLAINT

I.      Previous Lawsuits

     A.      Have you begun other lawsuits in state or federal court dealing with the same
facts involved in this action or otherwise relating to your imprisonment?
Yes (✓)  No ( )

B.      If your answer to A is yes, describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1.      Parties to the previous lawsuit

~~Plaintiffs~~ DEFENDANTS   LDPS&C, RICHARD STALDER, VARIOUS

PHELPS CORRECTIONAL CENTER (PCC) STAFF

~~Defendants~~ PLAINTIFF   DAVID D. CLIFFORD #109543 (LDOC)

AKA   MICHAEL J. COLEMAN # 12116-034 (FBOP)

2.      Court (If federal court, name of the district court; If state court, name the parish.)

MIDDLE DISTRICT OF LOUISIANA

3.      Docket Number   SEE BELOW

4.      Name of Judge to whom case was assigned   SEE BELOW

PATRICIA MINALDI

5.      Disposition (For example: Was this case dismissed? Was it appealed? Is it still pending?)

ON APPEAL 5TH CIRCUIT NO. 07-30766

6.      Approximate date of filing lawsuit   AUGUST OF 2006

7.      Approximate date of disposition   UNKNOWN

C.      Have you had any previously filed federal lawsuits or appeals, whether or not related to the issues raised in this complaint, which have been dismissed as frivolous, malicious, or for failure to state a claim for which relief can be granted by any federal court?
~~Yes ( ) No ( )~~  YES

If your answer is yes, list the civil action numbers and the disposition of each case. You also must identify in which federal district or appellate court the action was brought.

NUMBER NOT KNOWN — IN GEORGIA (ATLANTA)

II.     Place of Present Confinement: LOUISIANA STATE PENITENTIARY

A.      Is there a prisoner grievance procedure in this institution?
Yes (√) No ( )

B.   Did you present the/facts relating to this complaint in the prisoner grievance procedure? Yes (√) No (√)

C.   If your answer is YES,

1.   Attach a copy of all administrative complaints you have filed regarding the claims raised in this lawsuit and copies of all prison responses. If copies are not available, list the number assigned to the complaint(s) and approximate date it was presented to the prison. LSP-2007- 01448 2498

2.   As to each grievance compliant provided or listed above, have you exhausted or completed all steps in the procedure, including appeals?

LSP AUTNORITIES HAVE NOT RESPONDED TO FIRST STEP

D.   If your answer is NO, explain why you have not done so: CLAIM # 1 IS NOT ADDRESSABLE VIA PRISON GRIEVANCE SYSTEM

## III. Parties

(In item A below, place your name in the first blank, your present address in the second blank and your date of birth in the third blank. Do the same for additional plaintiffs, if any.)

A.   Name of plaintiff David D. Clifford / Michael J. Coleman

Address CAMP C - JAGUAR 3-L-3, ANGOLA, LA 70712

Date of Birth 5-28-62 / 11-18-59

Prisoner Number # 109543 (LDOC) / # 10116-034 (FBOP)

Date of Arrest MAY 1984

Date of Conviction MARCH 1985

(In item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use item C for the names, positions, and places of employment of any additional defendants.)

B.   Defendant KATHLEEN BLANCO is employed as GOVERNOR OF LOUISIANA at P.O. Box 94004 B.R. LA 70801-2004

C.   Additional Defendants CHARLES C. FOTI IS EMPLOYED AS LOUISIANA ATTORNEY GENERAL AT 900 N.3rd ST BATON ROUGE, LA 70801

3

PARTIES (CONT.)

D. RICHARD STALDER, SECRETARY (LDPS&C) AT
504 MAYFLOWER ST,; BLDG 1 BATON ROUGE, LA 70804-9304

E. N. "BURL" CAIN IS EMPLOYED AS WARDEN AT LSP
AT ANGOLA, LA 70712

F. J. DOE #1 IS EMPLOYED AS LSP MAILROOM SUPERVISOR
AT ANGOLA, LA 70712

G. STATE OF LOUISIANA AT

H. LOUISIANA LEGISLATURE, AS BODY POLITIC, AT
STATE CAPITOL

I. JUDGE "J. DOE #2" IN DIVISION B OF THE 20TH
JUDICIAL DISTRICT COURT OF LOUISIANA AT P.O.
BOX 1843, ST. FRANCISVILLE, LA 70775

3A

IV.   Statement of Claim

(State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheet if necessary.)

F
I
R
S
T

C
L
A
I
m

1. THE STATE OF LOUISIANA; GOVERNOR KATHLEEN BLANCO; STATE ATTORNEY CHARLES C. FOTI, JR.; AND THE LOUISIANA STATE LEGISLATURE CONSTRUC-TED, VOTED ON, PASSED IN SESSION, IMPLEMENTED LSA - R.S. 15:1186(B) WHICH ORDERS/ALLOWS AN AUTOMATIC STAY OF ANY CIVIL TORT ACTION FILED BY A PRISONER PROCEEDING IN FORMA PAUPERIS UNTIL ALL COSTS/FEES DUE ARE PAID IN ADVANCE. THIS LAW/STATUTE DENIES THE

V.   Relief

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

1) DECLATORY JUDGMENT THAT DEFENDANTS VIOLATED THE PETITIONERS' FEDERAL/STATE RIGHTS

2) RESCIND D.R. C-02-009 AND REFORMAT IT TO CONFORM TO EXISTING STATE LAW.

3) DECLARE LSA - R.S. 15:1186(B) UNCONSTITUTIONAL AND ORDER IT REMOVED/REPEALED,

4) COMPENCATORY RELIEF/DAMAGES IN THE AMOUNT OF $16,000.00

5) PUNITIVE RELIEF/DAMAGES IN THE AMOUNT OF $16,000.00

6) OTHER RELIEF THE COURT DEEMS APPROPRIATE

4

STATEMENT OF CLAIM

PETITIONER HIS CONSTITUTIONAL RIGHT TO ACCESS THE COURT FOR REDRESS OF INJURIES.

2. ON OR ABOUT OCTOBER 23, 2007 PETITIONER FILED A STATE TORT CLAIM CONCERNING MEDICAL MALPRACTICE, MEDICAL NEGLIGENCE, ETC., IN THE 20TH JUDICIAL DISTRICT COURT (SEE EXHIBIT #1 - COPY OF THE STATE ACTION) SEEKING JUDICIAL ACTION AND/OR RELIEF FOR INJURIES, ETC., DESCRIBED WITHIN.

3. ON OR ABOUT OCTOBER 23, 2007 PETITIONER WAS GRANTED IN FORMA PAUPERIS STATUS BY THE JUDGE IN DIVISION B IN THE ACTION AND SAID JUDGE ORDERED THAT, AS PER LSA-R.S. 15: 1186 (B), THAT ALL PROCEEDINGS IN THIS MATTER BE STAYED UNTIL PETITIONER PAID THE AMOUNT OF $1175.00. (SEE EXHIBIT #2)

4. THIS PORTION OF THE LA REVISED STATUTES, 15: 1186 (B), WHEN IMPLEMENTED, EFFECTIVELY DENIES THE PETITIONER, WHO HAS BEEN ADJUDGED A PAUPER, UNABLE TO PAY THE FILING FEES IN A STATE ACTION AT TORT, HIS RIGHT TO ACCESS THE COURT FOR REDRESS OF GRIEVANCES AND INJURY.

4A

F
I
R
S
T

5. THE ACTS OF THE STATE DEFENDANTS WHOM ARE A PARTY TO THIS ACTION CONSTITUTE A WILLING, KNOWFULL, MALICIOUS, AND DELIBERATE SCHEME TO DEPRIVE THE PETITIONER HIS RIGHT TO ACCESS OF THE COURTS AS A PAUPER AND WERE/ARE DONE IN CLEAR VIO-LATION OF THE FEDERAL GUARANTEE OF ACCESS TO COURTS IN EFFECT PRIOR TO AND AT THE TIME OF THE INSTANT FILING OF THE STATE PETITION.

C
L
A
I
M

6. THESE ACTS ALSO CONSTITUTE A CLAIM FOR DISCRIMINATION UNDER FEDERAL LAW IN THAT THE PETITIONER, IN HIS STATUS AS A POOR PERSON (PAUPER) DUE TO HIS INABILITY TO PAY THE LEVIED FEES/COSTS, IS DENIED TO PROCEED IN HIS STATE TORT ACTION WHILE OTHER PAUPERS (NON-INCARCERATED) ARE ALLOWED TO PROCEED ~~prose can~~ IN THEIR ACTIONS.

S
E
C
O
N
D

7. AT VARIOUS TIMES THE PETITIONER, WHILE AT LSP, HAS PLACED LETTERS FOR MAILING IN THE TIER MAILBOX AND/OR TO THE CLASSI-FICATION OFFICER FOR INDIGENT MAILING (LEGAL/OFFICIAL) TO THE U.S. POSTAL INSPECTION SERVICE AND CARL REDMAN, EXECUTIVE EDITOR

S
E
C
O
N
D

OF THE BATON ROUGE ADVOCATE NEWSPAPER.

8. AS PER STATE STATUTE, TITLE 22, LOUISIANA ADMINISTRATIVE CODE, PART I, § 313 SUCH PERSONS, AGENCIES ARE DESIGNATED LEGAL/OFFICIAL AND MAY BE MAILED SEALED AND UNINSPECTED.

9. DESPITE THIS STATUTE PETITIONER'S LETTERS WERE RETURNED BY LSP MAILROOM OFFICIALS AND NOT MAILED BASED ON A POLICY/REGULATION IMPLEMENTED BY RICHARD STALDER, SECRETARY OF THE LDPS&C (D.R. C-02-009) WHICH DOES NOT ACCURATELY THE POLICY REGARDING SUCH MAIL (SEE EXHIBIT #3 - COPY OF ENVELOPE & EXHIBIT #4 - COPY OF LOUISIANA ADMINISTRATIVE CODE) SET FORTH IN THE LOUISIANA ADMINI-STRATIVE CODE.

10. THE REFUSAL TO MAIL MY MAIL TO MEMBERS OF THE PRESS AND MEMBERS OF THE U.S. POSTAL INSPECTION SERVICE VIOLATES THE PETITIONER'S FIRST AMENDMENT RIGHTS.

C
L
A
I
M

11. THE LETTERS ILLEGALLY REFUSED TO BE MAILED CONCERNED GRIEVANCE/PETITIONS ABOUT PRISON CONDITIONS. FEDERAL LAW GUARANTEES MY RIGHT TO MAIL SUCH LETTERS UNOPENED,

4C

S
E
C
O
N
D

11. (CONT) WAS SEALED, AND UNINSPECTED.

12. THE ACTIONS OF THE STATE DEFENDANTS IN REFUSING TO MAIL THESE LETTERS UNOPENED, SEALED, AND UNINSPECTED ALSO VIOLATE STATE LAW,

13. RICHARD STALDER, KNOWINGLY APPROVED AND IMPLEMENTED D.R. C-02-009 AND SAID REGULATION WAS IN DIRECT CONFLICT WITH FEDERAL LAW IN EXISTENCE AT THIS TIME AND WITH THE POLICY ESTABLISHED BY STATE STATUTE.

14. THIS POLICY (C-02-009) WAS FORMED, IMPLEMENTED BY DEFENDANT STALDER TO KNOWINGLY DEPRIVE THE PETITIONER OF HIS CONSTITUTIONAL RIGHT UNDER THE FIRST AMENDMENT.

15. DEFENDANT CAIN AND LSP MAILROOM SUPERVISOR (J. DOE #1) ALSO KNOWINGLY IMPLEMENTED D.R. C-02-009, DESPITE BEING FULLY AWARE OF THE EXISTENCE OF THE STATE ADMINISTRATIVE CODE PERTAINING TO MAIL PROCEDURES AND DESIGNATIONS OF LEGAL/OFFICIAL MAIL, WHICH KNOWINGLY CAUSED VIOLATIONS OF PETTIONERS GUARANTEED RIGHTS UNDER CURRENT STATE AND FEDERAL LAW.

C
L
A
I
M

4D

## VI. Plaintiff's Declaration

1) I declare under penalty of perjury that all facts represented in this complaint and any attachments hereto are true and correct.

2) I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice.

3) I understand that I am prohibited from bringing a civil action in forma pauperis if I have brought three or more civil actions in a court of the United States while incarcerated or detained in any facility that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.

4) I understand that even if I am allowed to proceed in forma pauperis, I am responsible for paying the entire $150 filing fee and any costs assessed by the Court, which shall be deducted from my inmate account by my custodian in installment payments as prescribed by law.

Signed this ___10TH___ day of _December_____ , 19 _2007_.

_____
(Signature of Plaintiff)

9/97

5

EXHIBIT 1
12 PAGES

IN THE
TWENTIETH JUDICIAL DISTRICT COURT

DAVID D. CLIFFORD

VERSUS

LOUISIANA DEPARTMENT OF
PUBLIC SAFETY AND CORRECTIONS

FILED: Oct 12, 2007

NO. 19998   Division B

PARISH OF WEST FELICIANA

STATE OF LOUISIANA

_____
CLERK OF COURT

PETITION FOR DAMAGES

NOW INTO COURT comes David D. Clifford *Pro Se* Plaintiff in this instance, respectfully submitting the following in support of this Petition for Damages.

JURISDICTION

Jurisdiction vests to this Honorable Court by virtue of the Louisiana Constitution of 1974, Article V, § 16(A); as this is the Court of original jurisdiction.

PARTIES

1.

The following parties, made Defendants in this suit are indebted to Plaintiff in solido, for such damages as are reasonable in the premises, with legal interest thereon from the date of judicial demand until paid:

(1)    Richard Stalder, Secretary, Department of Public Safety and Corrections, 504 Mayflower Street, Building 1, P. O. Box 94304 - Capitol Station, Baton Rouge, LA 70804-9304.

While not personally involved in this instance, Mr. Stalder is, as the head of the Louisiana Department of Public Safety and Corrections, ultimately responsible for the hiring and training of the medical and security staff working as the Louisiana State Penitentiary [LSP].

Mr. Stalder is also obligated to see that the Plaintiff is provided adequate medical care under Louisiana Law, R.S. 15:831. Mr. Stalder is also responsible for responding to all final (Second Step) Requests for Administrative Remedy Procedure [ARP].

(2)    N. Burl Cain, Warden, LSP, Warden's Office, LSP, Angola, LA 70712.

While not personally involved in this instance, Mr. Cain is, as the head Warden at LSP, ultimately responsible, as the Chief Custodian for LSP, to ensure that all medical/security staff at LSP are properly trained, supervised, and implement/follow all Louisiana Department of Public Safety and Corrections regulations regarding medical care and practices.

Mr. Cain is also responsible for providing an answer (First Step) to Requests for

Administrative Remedy Procedure at LSP.

(3)     John Doe #1, LSP Medical Director, (General Delivery), LSP Angola, LA 70713.

        The LSP Medical Director is responsible for ensuring that Plaintiff receives proper medical care commensurate with community standards; ensuring medical personnel follow/implement Louisiana Department of Public Safety and Corrections regulations regarding medical care and practices.

(4)     Bruce Dodd, Assistant Warden, Treatment Center, LSP, Angola, LA 70712.

        Mr. Dodd is responsible for ensuring that medical/security staff are properly trained and supervised in following and implementing all medical care policies and practices set forth in Louisiana Department of Public Safety and Corrections regulations.

(5)     Darrell Vannoy, Assistant Warden, Main Prison, LSP (General Delivery), Angola, LA 70712.

        Mr. Vannoy, as an Assistant Warden, is responsible for the training and supervision of security staff, under his control, and ensuring that they follow/implement all Louisiana Department of Public Safety and Corrections regulations.  He was also responsible for investigating, and rendering, a decision in ARP LSP-2007-1085 regarding the failure of LSP medical and security staff to provide adequate medical care/services to Plaintiff.

(6)     Mack Shaw, Assistant Warden Camp C, LSP (General Delivery), Angola, LA 70712.

        Mr. Shaw was Assistant Warden at Camp C during a portion of the incidents described in this Petition.  He was the head supervisor and had a duty to see that all staff (medical/security) implemented and followed all Louisiana Department of Public Safety and Corrections regulations, policies, etc., regarding medical care and services to Plaintiff.

(7)     Blane Lachney, Assistant Warden Camp C, LSP (General Delivery), Angola, LA 70712.

        Mr. Lachney was Assistant Warden at Camp C during a portion of the incidents described in this Petition.  He is the head supervisor and has a duty to see that all staff (medical/security) implemented and followed all Louisiana Department of Public Safety and Corrections regulations, policies, etc., regarding medical care and services to Plaintiff.

(8)     John Doe #2, Sgt. (A Team) Camp C, LSP (General Delivery) (Pill Call Sgt.), Angola, LA 70712.

        John Doe #2, Sgt. (A Team) Camp C, is responsible for ensuring that all prescribed medication is provided t various sergeants at Tiger/Jaguar Units for distribution to inmates, including Plaintiff, assigned to these units.  This sergeant is responsible for providing this

medication in a timely fashion and for following all Louisiana Department of Public Safety and Corrections regulations, policies, etc., for the handling and dispensing of prescribed medication to inmates.

(9)   John Doe #3, Sgt. (B Team) Camp C, LSP (General Delivery) (Pill Call Sgt.), Angola, LA 70712.

John Doe #3, Sgt. (B Team) Camp C, is responsible for ensuring that all prescribed medication is provided t various sergeants at Tiger/Jaguar Units for distribution to inmates, including Plaintiff, assigned to these units.   This sergeant is responsible for providing this medication in a timely fashion and for following all Louisiana Department of Public Safety and Corrections regulations, policies, etc., for the handling and dispensing of prescribed medication to inmates.

(10)   John Doe #4, Sgt. (C Team) Camp C, LSP (General Delivery) (Pill Call Sgt.), Angola, LA 70712.

John Doe #4, Sgt. (C Team) Camp C, is responsible for ensuring that all prescribed medication is provided t various sergeants at Tiger/Jaguar Units for distribution to inmates, including Plaintiff, assigned to these units.   This sergeant is responsible for providing this medication in a timely fashion and for following all Louisiana Department of Public Safety and Corrections regulations, policies, etc., for the handling and dispensing of prescribed medication to inmates.

(11)   John Doe #5, Sgt. (D Team) Camp C, LSP (General Delivery) (Pill Call Sgt.), Angola, LA 70712.

John Doe #5, Sgt. (D Team) Camp C, is responsible for ensuring that all prescribed medication is provided t various sergeants at Tiger/Jaguar Units for distribution to inmates, including Plaintiff, assigned to these units.   This sergeant is responsible for providing this medication in a timely fashion and for following all Louisiana Department of Public Safety and Corrections regulations, policies, etc., for the handling and dispensing of prescribed medication to inmates.

(12)   John Doe #6, Sgt. (Transport), General Delivery, LSP, Angola, LA 70712.

John Doe #6 was the security sergeant who transported Plaintiff from Elayn Hunt Correctional Center to LSP on March 5, 2007, and had a duty to provide dose(s) of medication during transport as per Louisiana Department of Public Safety and Corrections regulations, policies, etc.

(13)   John Doe #7, Sgt. (Transport), General Delivery, LSP, Angola, LA 70712.

John Doe #7 was the security sergeant who transported Plaintiff from Elayn Hunt Correctional Center to LSP on March 5, 2007, and had a duty to provide dose(s) of medication during transport as per Louisiana Department of Public Safety and Corrections regulations, policies, etc.

(14)   John Doe #8, Medical Personnel Main Prison, LSP (General Delivery), Angola, LA 70712.

John Doe #8 was the Medical Services staff member who examined Plaintiff on March 5, 2007 upon Plaintiff's arrival at LSP from Elayn Hunt Correctional Center.  He was responsible for ensuring that the medication sent with Plaintiff from Phelps Correctional Center [PCC] was forwarded/provided to Plaintiff at LSP and for providing a medical care evaluation.

(15)   Any and all other John Does, who would be responsible in the proper chains of command (Medical, Security, Administrative, etc.) regarding claims set forth in this Petition, whom Plaintiff is not aware of.

CLAIM HISTORY
THE INCIDENTS

2.

The Plaintiff, David D. Clifford, suffers from a serious medical condition, Degenerative Disc Disease, consisting of multiple herniations to his lower back at the S1-L5, L5-L4, L4-L3 areas, spondylosis at C4-C5 and S1-L5, L5-L4, L4-L3 areas.

3.

The above mentioned condition, Degenerative Disc Disease, was treated at Phelps Correctional Center with a duty status, medication, consisting of 800 mg Ibuprofen T.I.D. and Gabapentin 200 mg B.I.D.

4.

On March 5, 2007 Plaintiff was advised he was being transferred from Phelps Correctional Center to LSP via Elayn Hunt Correctional Center.  Early in the morning of March 5, 2007, approximately 5 a.m., Plaintiff began the first leg of this transfer to Elayn Hunt Correctional Center.

5.

As per Louisiana Department of Public Safety and Corrections regulations, policies, etc., Phelps Correction Center medical personnel provided the Phelps Correctional Center transport officers with a seven (7) to ten (10) day supply of medication (Ibuprofen/Gabapentin).

6.

Plaintiff's last received dosage of medication at Phelps Correctional Center was issued to him at approximately 3 p.m. on March 4, 2007.

7.

The trip to Elayn Hunt Correctional Center from Phelps Correctional Center took approximately two (2) to three (3) hours; Plaintiff received no medication from Phelps Correctional Center during this time.

8.

Upon arrival at Elayn Hunt Correctional Center transfer was made to Elayn Hunt Correctional Center staff. Plaintiff awaited the arrival of LSP transport officers. The approximate time spent at Elayn Hunt Correctional Center was two (2) to three (3) hours.

9.

Plaintiff requested medication from Elayn Hunt Correctional officials during this time.

10.

Plaintiff received no medication while at Elayn Hunt Correctional Center.

11.

Transfer of Plaintiff was made to LSP transport officers. The trip from Elayn Hunt Correctional Center was approximately two (2) to three (3) hours.

12.

Plaintiff requested a dose of medication from the LSP transport officers, John Doe #6 and John Doe #7. John Doe #6 and John Doe #7 told Plaintiff he would have to wait until he got to his assigned location at LSP for any medication.

13.

Plaintiff received no medication from LSP transport officers.

14.

Upon arrival at LSP, Plaintiff was seen by John Doe #8, health services staff, for a medical evaluation.

15.

Plaintiff requested a dosage of medication from John Doe #8 and explained he was in a great deal of pain.

16.

John Doe #8 told Plaintiff he would have to wait to get to his assigned location prior to receiving any medication as all of the medication sent with Plaintiff was at "the pharmacy."

17.

Plaintiff was assigned to Camp C, Jaguar 3L3.  Plaintiff arrived at this location around 3 p.m. on March 5, 2007.

18.

Plaintiff was not provided any medication until approximately 3 a.m. on March 6, 2007. The medication provided was 800 mg of Ibuprofen, no Gabapentin was issued.

19.

During the dates March 5, 2007 through March 14, 2007, the Plaintiff repeatedly complained that he was not receiving his prescribed medication (Gabapentin) via sick call and complaints to Camp C staff.

20.

Plaintiff was told by Camp C staff that this medication would not be issued to Plaintiff at Camp C.

21.

Plaintiff never saw a physician or nurse practitioner from March 5, 2007 through March 13, 2007 and was never provided the medication prescribed for him (Gabapentin).

22.

Gabapentin has a drug warning that it is not to be discontinued all at once but is to be slowly decreased to avoid withdrawal symptoms.

23.

On March 14, 2007 Plaintiff was declared a medical emergency due to back pain and spasms. Plaintiff was transported to the emergency room at the R.E. Barrow Treatment Center and received two (2) injections for pain/spasms and had the previously prescribed medication (Gabapentin) replaced with "Tegratal."

24.

Plaintiff was told by physician Roundtree that Gabapentin was no longer on the formulary at LSP which was why the medication sent with Plaintiff from Phelps Correctional Center was not issued to him.

25.

Department of Public Safety and Corrections regulations, policies, etc. direct that all inmates sign for all medications issued.

26.

From March 5, 2007 through September 11, 2007 Plaintiff has had prescribed medications, including Ibuprofen, Baclofen, Benadryl, Gabapentin delayed and/or not provided for various lengths of time, up to October 11, 2007, for days in some cases.

27.

This failure, John Does #8 through #11 (pill call sergeants), caused the Plaintiff to suffer pain and discomfort.

28.

John Does #8 through 11 failed to properly provide refill cards of Plaintiff's various medications as directed by Department of Public Safety and Corrections regulations, policies, etc., and thereby failed to provide medical services commensurate with community standards.

29.

Assistant Wardens Shaw and Lachney failed to properly supervise the Camp C staff, under their control, and ensure adequate medical services were provided to the Plaintiff.

30.

At various times prior to June 15, 2007, the poly POLICY of requiring inmates (including Plaintiff) to personally sign for receipt of issued medications on Jaguar 3/4 Unit were not followed. Security officers have forged the initials of inmates on the respective pill charts.

31.

From June 15, 2007 through the present date of September 11, 2007, security officers are not following Department of Public Safety and Corrections regulations, policies, etc. regarding having inmates initial their respective pill charts.

32.

Plaintiff sent correspondence to Deputy Warden Bruce Dodd and Warden N. Burl Cain about his medication problems but never received a reply.

33.

In ARP LSP-2007-1085 Plaintiff grieved issues described in the petition concerning the delay and denial of medications.

　
34.

Deputy Wardens Vannoy and Dodd denied this grievance.

35.

Deputy Wardens Vannoy and Dodd failed to properly perform their duties in the investigation of these claims by never examining the pill charts of Plaintiff.

36.

By failing to investigate this matter, and the subsequent denial of ARP-LSP-2007-1085 at the second step by Secretary Stalder failed to provide, and ensure provision of, adequate medical services to Plaintiff as set forth in statutory law.

37.

This Plaintiff avers that the actions of the Defendants state claims of malfeasance, negligence, gross negligence, medical negligence, and medical malpractice, all actionable under State tort law, La.C.C.P. arts. 2315, 2316.

38.

Plaintiff avers that the damages sustained as a result of the deliberate actions of all named Defendants, and John Does, caused Plaintiff mental anguish and distress as well as physical pain and suffering.

39.

Plaintiff itemizes the damages which he has sustained as a result of the actions of the Defendants in their respective failures to provide adequate medical care/services as well as medical care/services commensurate with community standards as follows:

    (1)    Physical pain and suffering

    (2)    Mental anguish and distress

### RELIEF SOUGHT

Plaintiff respectfully seeks the following relief:

(1)    Compensatory damages for physical pain and suffering for delay and denial of medication in the amount of $500.00 per each incident of documented date of said deprivation.

(2)    Compensatory damages for mental anguish and distress in the amount of $500.00 per each day of documented day of medication denial.

(3)    Punitive damages be awarded in the amount of $10,000.00 for the direct violation of my right to be free from cure and unusual punishment (Eighth Amendment violation).

(4)     Any other relief to which it may appeal I may be entitled to.

Respectfully submitted,

David D. Clifford #109543
Camp C - Jaguar 3-L-3
Louisiana State Penitentiary
Angola, LA 70712

## AFFIDAVIT

I, David D. Clifford, do hereby state and aver that I am the Plaintiff in the foregoing petition for damages and that all of the allegations and statements are true and correct to the best of my knowledge.

David D. Clifford, Pro Se Plaintiff

SERVICE INFORMATION REQUIRED

(1)     Richard Stalder, Secretary, Department of Public Safety and Corrections, 504 Mayflower Street, Building 1, P. O. Box 94304 - Capitol Station, Baton Rouge, LA 70804-9304.

(2)     N. Burl Cain, Warden, LSP, Warden's Office, LSP, Angola, LA 70712.

(3)     John Doe #1, LSP Medical Director, (General Delivery), LSP Angola, LA 70713.

(4)     Bruce Dodd, Assistant Warden, Treatment Center, LSP, Angola, LA 70712.

(5)     Darrell Vannoy, Assistant Warden, Main Prison, LSP (General Delivery), Angola, LA 70712.

(6)     Mack Shaw, Assistant Warden Camp C, LSP (General Delivery), Angola, LA 70712.

(7)     Blane Lachney, Assistant Warden Camp C, LSP (General Delivery), Angola, LA 70712.

(8)     John Doe #2, Sgt. (A Team) Camp C, LSP (General Delivery) (Pill Call Sgt.), Angola, LA 70712.

(9)     John Doe #3, Sgt. (B Team) Camp C, LSP (General Delivery) (Pill Call Sgt.), Angola, LA 70712.

(10)    John Doe #4, Sgt. (C Team) Camp C, LSP (General Delivery) (Pill Call Sgt.), Angola, LA 70712.

(11)    John Doe #5, Sgt. (D Team) Camp C, LSP (General Delivery) (Pill Call Sgt.), Angola, LA 70712.

(12)    John Doe #6, Sgt. (Transport), General Delivery, LSP, Angola, LA 70712.

(13)    John Doe #7, Sgt. (Transport), General Delivery, LSP, Angola, LA 70712.

(14)    John Doe #8, Medical Personnel Main Prison, LSP (General Delivery), Angola, LA 70712.

(15)    Any and all other John Does, who would be responsible in the proper chains of command (Medical, Security, Administrative, etc.) regarding claims set forth in this Petition, whom Plaintiff is not aware of.

IN THE
TWENTIETH JUDICIAL DISTRICT COURT

DAVID D. CLIFFORD                                    NO.

VERSUS                                               PARISH OF WEST FELICIANA

LOUISIANA DEPARTMENT OF                              STATE OF LOUISIANA
PUBLIC SAFETY AND CORRECTIONS

FILED: _____
                                                     CLERK OF COURT

INTERROGATORIES - FIRST SET

As set forth in La.C.C.P. arts. 1457 and 1458, the following first set of interrogatories are

propounded. The Defendant(s) are directed to provide a written answer, under oath, within the time

set forth.  These interrogatories are to be answered separately and fully.

1.       Did the Plaintiff receive any medication from LSP transporting officers on March 5, 2007?

2.       What are the regulations and/or policies that deal with the providing of medication to

inmates being transferred from one facility to another?

3.       What are the names and ranks of the LSP security staff who work A-Team, B-Team, C-

Team and D-Team, at Camp C, whose job it is to provide for the dispensing of medication to

inmates and for ensuring that the prescription cards are properly refilled from March 5, 2007

through September 11, 2007?

4.       What medical training does the staff members in Interrogatory #3 receive as to the

dispensing of medication to inmates and for ensuring that the prescription cards are properly

refilled.

5.       What are the regulations, policies, procedures, etc., established by the Department of Public

Safety and Corrections dealing with inmate acknowledgment/receipt of issued medication at LSP?

6.       According to Plaintiff's pill charts, how many times has medication, to include Gabapentin,

Ibuprofen, Baclofen, Benadryl, not been available for issuance due to no (NP) being provided from

March 5, 2007 through September 11, 2007?

7.       Are inmates at LSP to initial the pill charts upon issuance of medication by staff?

8.       Is it policy, procedure, etc., for staff members dispensing medication at Camp C, Jaguar

Unit, to initial the pill charts of inmates.

9.       Describe the procedure used from March 5, 2007 through September 11, 2007 for

medication dispensing to inmates on Jaguar Unit from ordering by physician to inmate receipt,

fully setting forth the medical/security staff's responsibilities/duties at each step.

10.     Set forth the medical "chain of command," at LSP, from medical director to each other camp health care provider?

11.     Was Plaintiff ordered/provided Gabapentin for back pain/condition at Phelps Correctional Center prior to his transfer to LSP on March 5, 2007?

12.     What was the numerical count of the pills sent (Gabapentin and Ibuprofen) with the Plaintiff on March 5, 2007 by Phelps Correctional Center health care providers.  State amount of each?

13.     State the procedure, policy, etc., in use at LSP regarding the provision, forwarding medications sent with inmates arriving at LSP from other Department of Public Safety and Corrections facilities?

14.     Did the Plaintiff receive Gabapentin from March 5, 2007 through March 15, 2007?

         (A)     At any time while at LSP?

15.     Why was the Plaintiff not provided the medication (Gabapentin) went with him from Phelps Correctional Center while at LSP?

16.     Is the medication Gabapentin on the LSP formulary?

         (A)     If not, what was the date it was removed?

17.     Were any inmates at any area of LSP receiving the medication Gabapentin between March 5, 2007 and March 15, 2007?

18.     What are the names of the health care services staff and security staff who are responsible for ensuring that inmates receive ordered medication at Camp C?

19.     Was a stop order (medication discontinue) issued by an LSP health care provider in the medication Gabapentin issued to Plaintiff by Phelps Correctional Center medical staff on March 5, 2007?

         (A)     On any date?  If so, state date.

20.     Was Plaintiff seen by a physician prior to the discontinuing of the medication (Gabapentin) at LSP?

21.     Did Defendant Darryl Vannoy examine the pill charts of Plaintiff prior to the denial of ARP-LSP-2007-1085?  If so, state date the charts were examined.

22.     Did Defendant Bruce Dodd examine the pill charts of Plaintiff prior to the denial of ARP-LSP-2007-1085?  If so, state date the charts were examined.

23.     Who personally issues medication to the inmates housed on Jaguar Unit at Camp C?

(A)     What medical training and/or medical qualifications do these officers receive?

24.     Is it common practice and/or policy for assigned tier security staff on Jaguar Unit to issue inmates their medication?

25.     Does the tier security staff at other maximum security areas at LSP issue medication to inmates?

(A)     If other than assigned tier security issue medication state the names/titles.

26.     Did Plaintiff make a sick call complaint(s) regarding the non-receipt of the medication Gabapentin between the dates of March 5, 2007 and March 15, 2007?

(A)     What was the response issued by health care services in this matter?

27.     What medication was provided to replace the discontinued Gabapentin between March 5, 2007 and March 13, 2007.

Respecifully submitted,

David D. Clifford #109543
Camp C - Jaguar 3-L-3
Louisiana State Penitentiary
Angola, LA 70712

EXHIBIT #2

DAVID D. CLIFFORD,                          NUMBER: 19994 DIVISION: B
(Plaintiff's name & DOC Number) 109543
                                             20th JUDICIAL DISTRICT COURT

VERSUS                                       PARISH OF EAST FELICIANA

LOUISIANA DEPARTMENT                         STATE OF LOUISIANA              FILED
OF PUBLIC SAFETY AND
CORRECTIONS                                                                  OCT 1 2 2007
                                             PAUPER ORDER                    _____
                                                                             Dy. Clerk of Court

        Considering the plaintiff's application to proceed in forma pauperis; that the said application reflects
the status of his eligibility as of the date of the signed of the form, the law and evidence being in favor
thereof;

        IT IS ORDERED, that plaintiff's application to proceed in forma pauperis be an is hereby denied,
and plaintiff is hereby ordered to deposit with the Clerk of Court for the 20th Judicial District Court, Parish of
East Feliciana, the initial filing fee of $ _____ and other cost as may from time to time accrue.

        IT IS ORDERED, that plaintiff's motion to proceed in forma pauperis is granted pursuant to law, for
the purpose of the filing fee. All prisoners granted in forma pauperis status shall be assessed and required to
pay $ 1175.00, the initial filing fee, in amounts as set by LSA-R.S.15:1186et seq., plus all cost accruing
after the filing of the suit. Plaintiff shall be required to forward monthly payments from the plaintiff's inmate
account until the entire filing fee is paid.

        IT IS FURTHER ORDERED, that within 20 days from the date of this order the plaintiff shall pay
an initial partial filing in the amount of $ 58.75 to the Clerk of Court for the 20th Judicial District
Court, Parish of East Feliciana, or the suit may be dismissed. It is the plaintiff's responsibility to pay the
initial partial filing fee.

        IT IS FURTHER ORDERED, that following the payment the plaintiff shall make monthly payments
of 20 percent of the preceding month's income credited to his prison account. Monthly payments shall be
automatically forwarded to the Court by the Centralized Inmate Banking Section for the Louisiana
Department of Public Safety and Corrections without further action by the plaintiff.

        IT IS FURTHER ORDERED, that following payment of the initial partial filing fee, Central Inmate
Banking Section for the Louisiana Department of Public Safety and Corrections shall forward the monthly
payment from the plaintiff's prison account to the Clerk of Court each time the amount in the plaintiff's
prison account exceeds $10.00 until the initial advance deposit of $ 1175.00 and all cost accruing after
filing are paid.

        IT IS FURTHER ORDERED, a copy of this order shall be mailed to the plaintiff and to Centralized
Inmate Banking Section of the Louisiana Department of Public Safety and Corrections.

        IT IS FURTHER ORDERED, that the Louisiana Department of Public Safety and Corrections remit
the above ordered funds to the 20th Judicial District Court, Clerk of Court, Parish of East Feliciana,
Collections Department, Post Office Box 599, Clinton, Louisiana 70722 in accordance with law until all
costs are paid.

        IT IS FURTHER ORDERED, pursuant to LSA-R.S. 15:1186(B), that all proceedings, including any
service of process, are automatically stayed, until all costs of court or fees due the clerk by the plaintiff in
this matter are paid.

        SO ORDERED, this 16 day of October 2007, at Clinton, Louisiana.


                                        _____
                                        District Court Judge

                                                                    CERTIFIED
                                                                    TRUE COPY

                                                                    OCT 2 3 2007
                                                                    _____
                                                                    Dy. Clerk of Court

David D. Clifford # 109543
Camp C - Jaguar 3-L-3
Louisiana State Penitentiary
Angola, LA 70712

ATTN: U.S.P.I.S.
DIRECTOR AND/OR
SUPERVISOR

11-26-07

U.S. Postal Inspection Service
650 N. Sam Houston Pkwy, West
Houston, TX 77067-4336

EXHIBIT #3
(1 of 2)

EXHIBIT # 3
(2 of 2)

## THE ATTACHED LETTER IS BEING RETURNED TO YOU FOR THE REASONS CHECKED BELOW:

(  )   YOUR NAME, RETURN ADDRESS, AND DOC# ARE NOT CORRECTLY SHOWN ON ENVELOPE.
       SEE BELOW.

(  )   NO CREDIT ORDERS PERMITTED.

(  )   YOUR LETTER IS NOT LEGIBLE.

(  )   INSUFFICIENT POSTAGE.  NEEDS _____  MORE POSTAGE.

(  )   CERTIFIED MAIL  (YOU MUST HAVE _____ POSTAGE ON ENVELOPE.)

(  )   REGISTERED MAIL  (YOU MUST HAVE _____ POSTAGE ON ENVELOPE.)

(  )   INDIGENT MAIL MUST BE PROCESSED THROUGH THE INMATE CANTEENS OR CLASSIFICATION.

(  )   YOUR LETTER IS INCORRECTLY ADDRESSED.    (  ) ZIP CODE INCORRECT.    (  ) REVERSED
       ADDRESSES.     (  ) CITY AND STATE INCORRECT.

(  )   MUST BE POSTED UNSEALED.  DOC REGULATION C-02-009.

(  )   NEEDS PERMIT TO BE MAILED.

(  )   INDIGENT MAIL DOES NOT PROVIDE POSTAGE FOR PACKAGES OR MAIL REQUIRING OVER THE
       FIRST CLASS RATE FOR 1 OUNCE. THIS DOES NOT APPLY TO LEGAL MAIL.

(  )   INDIGENT MAIL TO OUT OF STATE ATTORNEYS REQUIRES THE ATTORNEY TO FURNISH THE
       INSTITUTION WITH A LETTER VERIFYING THAT HE/SHE IS AN ATTORNEY AND REPRESENTS THE
       INMATE. THERE IS NO LETTER OF VERIFICATION FROM THIS ATTORNEY.

(  )   ADDRESSEE IS NOT REGISTERED AS AN ATTORNEY PER THE BAR ASSOCIATION. THIS MAIL CAN
       NOT BE MAILED AS INDIGENT LEGAL MAIL.

( √ )  OTHER  _not legal_____

       _____

## CORRECT ADDRESS EXAMPLES:

FIRST NAME, LAST NAME  (AS COMMITTED)          FIRST NAME, LAST NAME (AS COMMITTED) DOC#
DOC#  LOCATION                                 LOCATION, NAME OF INSTITUTION
NAME OF INSTITUTION                            CITY, STATE, ZIP CODE
CITY, STATE, ZIP CODE

JOHN DOE                                       JOHN DOE, #123456
#123456 CAMP D, FAL 4                          CAMP D, FAL 4, LA. STATE PRISON
LOUISIANA STATE PENITENTIARY                   ANGOLA, LA  70712
ANGOLA, LA  70712

**NOTE:**  ENVELOPES MAY NOT HAVE DRAWINGS OR DESIGNS.

EXHIBIT #4

(3 PAGES)

Westlaw.

22 LA ADC Pt I, § 313.                                                                                Page 1

La. Admin. Code. tit. 22, pt. I, § 313.

LAC 22:I.313.

**This document has been amended. Use UPDATE.
See SCOPE for more information.**

**LOUISIANA ADMINISTRATIVE CODE
TITLE 22. CORRECTIONS, CRIMINAL
JUSTICE AND LAW ENFORCEMENT
PART I. CORRECTIONS
CHAPTER 3. ADULT AND JUVENILE
SERVICES
SUBCHAPTER A. GENERAL**
Current with documents received through June 1, 2007.

**§ 313.Correspondence and Packages: Adult Inmates**

A. Purpose. The purpose of this regulation is to establish the secretary's policy regarding the receipt of mail and packages at all adult institutions of the Department of Public Safety and Corrections.

B. Responsibility. It is the responsibility of all wardens and mail room supervisors of adult institutions to implement this regulation and convey its contents to the inmate population, affected employees and affected members of the public.

C. General. It is the secretary's policy that the least restrictions possible be placed on an inmate's ability to send and receive letters and publications through the mail. To this end, reading or censorship of incoming and outgoing letters and publications shall be limited only to those items which are detrimental to security, order, or rehabilitation, or if the reading or censorship is necessary to prevent commission of a crime. The receipt of packages through the mail is not to be encouraged and are to be inspected and handled strictly in accordance with this regulation.

1. Before receiving letters, packages, or publications, the inmate must sign the Inmate Mail Delivery Agreement and should be

informed that if he does not sign this form, all of his incoming mail will be returned to the post office marked "refused."

I, _____,
agree to accept the delivery of mail sent to me
through          this          institution,
_____.

_____ _____

Witness Inmate

_____ _____

Witness Date

NOTE: This form is required by federal postal regulations so that inmate mail can be delivered to the institution. (Federal Register, Vol. 43, Number 66, Page 14308, April, 1978).

D. Procedures for Letters

1. Receipt and Sending of Letters through the Mail

a. Theme shall be no restriction on the number of correspondence, number of letters written or received, the length or language of the letter. Inmates shall be allowed to send to and receive letters through the mail from all persons, including inmates in other institutions.

b. On the written request of the person receiving correspondence from an inmate, or of a minor's parent or legal guardian, the institution may refuse to mail correspondence addressed to the person so requesting, in which case the letter must be

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

22 LA ADC Pt I, § 313.                                                              Page 2

La. Admin Code. tit. 22, pt. I, § 313.

LAC 22:I.313.

returned to the inmate with a written explanation.

c. All mail, incoming and outgoing, shall be handled without delay and on a daily basis.

d. No record shall be kept of whom an inmate corresponds with except when the warden determines that it is necessary to prevent the commission of a crime or necessary to the maintaining of security, order or rehabilitation of the institution and has so authorized the keeping of such record in writing.

2. Inspection of Letters

a. Outgoing Letters. All outgoing letters are to be posted unsealed and inspected for contraband. Exception: Outgoing "legal" or "official" mail (see following list) may be posted sealed and may not be opened except with a search warrant:

i. identifiable courts;

ii. identifiable prosecuting attorneys;

iii. identifiable probation and parole officers;

iv. identifiable state and federal departments, agencies and their officials;

v. identifiable attorneys;

vi. identifiable members of the press; and

vii. secretary, deputy secretary and/or assistant secretary of the Department of Public Safety and Corrections.

For purposes of this exception, *identifiable* means that the official or

legal capacity of the addressee is listed on the envelope: John Doe, Assistant District Attorney; John Doe, City Desk Editor; John Doe, Judge; John Doe, Secretary of Labor, etc. Additionally, the name, official or legal capacity and address of the addressee must be verifiable. If the name, address and official or legal capacity cannot be verified, designated prison personnel shall state in writing the means employed to verify the information and the fact that it could not be determined to be correct and true. Upon the determination that this mail is not identifiable official or legal mail, said mail shall be treated as all other outgoing mail, and shall be opened and inspected for contraband.

b. Incoming Letters. Incoming letters may be opened and inspected for contraband. Exception:

i. letters from Department of Corrections officials are not to be opened; and

ii. letters from the following may be opened and inspected for contraband only in the presence of the inmate addressee:

(a). identifiable courts;

(b). identifiable probation and parole officers;

(c). identifiable prosecuting attorneys;

(d). identifiable attorneys;

(e). identifiable members of the press; and

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

22 LA ADC Pt I, § 313.                                                            Page 3

La. Admin Code. tit. 22, pt. I, § 313.

LAC 22:I.313.

(f). identifiable state and federal agencies and officials.

For purposes of these exceptions, see §313.D.2.a.vii of this regulation for the definition of *identifiable*. Upon the determination that this mail is not identifiable official or legal mail, said mail shall be treated as all other incoming mail, and shall be opened and inspected for contraband.

3. Reading of Letters. When the warden determines that it is necessary to prevent the commission of the crime or necessary to the maintaining of security, order, or rehabilitation in the institution, he may require the reading of an inmate's mail. In such cases a written record shall be kept in the appropriate office and shall include:

a. inmate's name and number;

b. a description of the mail to be read (e.g., outgoing only, from a particular person, etc.);

c. the specific reasons it is necessary to read the mail, including all relevant information and the names of the persons supplying information;

d. length of time the mail is to be read;

e. signature of the warden, superintendent, or his representative; and

f. notes on the nature of the mail read, but no copies of the mail unless necessary for later use as evidence. At the termination of the reading period a copy of all but § 313.D.3.c above shall be placed in the inmate's file, with the entire original remaining in the appropriate office.

4. Stationery, Envelopes and Stamps. These items shall be available for purchase by the inmates and shall be provided to indigent inmates in sufficient quantity for all legal and official correspondence, and for at least two letters of personal correspondence each week. Legal and official correspondence is correspondence addressed to courts, prosecuting attorneys, probation and parole officers, Department of Public Safety and Corrections' officials, identifiable attorneys and identifiable members of the press. The institution is not required to provide postage for registered, certified or special delivery mail.

E. Procedure for Packages. If permitted by the regulations of the individual institution, any person may send approved items through the mail to inmates.

1. Approved Items. Subject to the approval of the secretary, each warden or superintendent will prepare and make available to the inmate population a list of items which may be received in packages.

2. Inspection of Packages. All packages shall be inspected for the purpose of discovering contraband. Such inspection shall be done in a manner that will not damage the contents of the package. A list shall be kept of the items an inmate has received through the mails. Employees will note brand names of each item received whenever possible (appliances, jewelry, clothing, etc.). Employees will not label jewelry as being gold, silver, ruby, diamond, etc. They will note gold colored, red stone, etc.

a. Discovery of Contraband in Packages. Upon discovery of unapproved items or contraband in an incoming package, the following procedures are to be implemented:

i. notice to the inmate of the contents of the package, the date of its receipt, the reason the package is

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

   >

R E C E I V E D

OCT 0 9 2007

Legal Programs Department

10 / 2 / 07

Burl Cain, Warden
LSP, Main Prison

RECEIVED

OCT 0 4 2007

WARDEN'S OFFICE

Warden Cain,

    I am writing to complain about the delay in the processing of my ARP (LSP-2007-2498). This matter was filed in late July and was backlogged until LSP-2007-0112 was completed.

    On 8-17-07 my ARP was answered at 2nd step from Headquarters and 2498 should have been accepted and began processing.

    Will you please look into this and provide me with a reason why it has taken 45 days (since 8-17) for this ARP to begin? Thank you.

David D. Clifford #109543
Camp C - Jaguar 3-L-3

## ADMINISTRATIVE REMEDY PROCEDURE & PROPERTY CLAIMS

### INPUT SCREEN

CASE NUMBER: LSP-2007-2498
EVACUEE:

DOC #: 109543          BACKLOG:
LAST NAME:  CLIFFORD              FIRST NAME:  DAVID
RECORD TYPE:  A      SUBJECT CODE:  0901 - MAIL (DELAY, TAMPERING, ENCLOSURES, ETC)
INCIDENT DATE:  7/24/2007
LSP RESPONDENT:  Mail Room

|  | DATE RECEIVED | ACCEPTED DATE | DISPOSITION DATE | DISPOSITION  CODE |
|---|---|---|---|---|
| STEP 1: | 07/27/2007 | 10/01/2007 |  |  |
| STEP 2: |  |  |  |  |

COMPLAINT:  1 ST.- LSP STAMPED HIS LEGAL MAIL WITH AN AD FOR THE RODEO DUE TO THIS
AD HIS MAIL WAS RETURNED.
IF REJECTED REASON:

07/27/2007

07/27/2007





PRIORITY MAIL
UNITED STATES POSTAL SERVICE
LABEL 106-A OCTOBER 1997

ANGOLA, LA 70712

U.S. DISTRICT COURT (MDLA)
ATTN: CLERK OF COURT
777 FLORIDA ST, SUITE 139
BATON ROUGE, LA 70801-1712

SCREENED
OK
U.S. MARSHAL



