UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAVID D. CLIFFORD (#109543)　　　　　　　　　　　　CIVIL ACTION
　　　A/K/A MICHAEL J. COLEMAN

VERSUS

STATE OF LOUISIANA, ET AL.　　　　　　　　　　　　　NO. 07-0955-C-M2

## NOTICE

　　　Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

　　　In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

　　　ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

　　　Baton Rouge, Louisiana, this 5th day of June, 2008.

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　CHRISTINE NOLAND
　　　　　　　　　　　　　　　　　　　　MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAVID D. CLIFFORD (#109543)　　　　　　　　　　CIVIL ACTION
　　A/K/A MICHAEL J. COLEMAN

VERSUS

STATE OF LOUISIANA, ET AL.　　　　　　　　　　NO. 07-0955-C-M2

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against the State of Louisiana, Governor Kathleen Blanco, the Louisiana Legislature, Attorney General Charles Foti, the Louisiana Department of Public Safety and Corrections, Secretary Richard Stalder, Warden N. Burl Cain, and several unidentified "John Doe" defendants, complaining that his constitutional rights have been violated by the State's passage of an allegedly unconstitutional statute which operates to stay the progress of an inmate's state court litigation until he has paid outstanding court costs and fees.  The plaintiff also complains that prison officials have failed or refused to mail certain of his correspondence and/or have opened his correspondence in violation of his First Amendment rights.

Turning first to the plaintiff's claim that La. R.S. 15:1186 is unconstitutional, this Court is authorized, pursuant to the provisions of 28 U.S.C. § 1915(e), to dismiss an action or claim brought in forma pauperis if satisfied that the claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.  Cf., Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986).  An in forma pauperis claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact

or in law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995). A § 1915(e) dismissal may be made at any time before or after service of process and before or after an answer is filed. Cf., Green v. McKaskle, supra. In addition, 28 U.S.C. § 1915A provides that a Court shall review, as soon as practicable after docketing, a newly filed complaint and shall dismiss same, or any portion of same, if the Court determines that the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted".

In the Court's view, the plaintiff's claim relative to La. R.S. 15:1186 fails to rise to the level of constitutional violations. In his Complaint, the plaintiff complains that this statute (enacted as part of the Louisiana Prison Litigation Reform Act ("LPLRA")), although providing for the granting of in forma pauperis status to inmates filing lawsuits in state court with respect to prison conditions, imposes an automatic stay upon proceedings in such lawsuit pending payment of all outstanding fees and costs by the inmate plaintiff. The plaintiff asserts that this statute effectively denies him access to the courts, and so, is unconstitutional under federal law.

In rejecting the plaintiff's contention, the Court is persuaded by and adopts the cogent reasoning employed by the United States District Court for the Eastern District in rejecting a similar claim. See Mahogany v. La. R.S. 15:1186(A)2), 2007 WL 1851941 (E.D. La. June 27, 2007), affirmed, 2008 WL 217764 (5th Cir. Jan. 25, 2008). In that case, in addressing the plaintiff's contentions, the Court essentially found no unequivocal constitutional right to file civil lawsuits by indigent

plaintiffs where the claims asserted do not impact upon a "fundamental interest". Specifically, the Court stated:

> It is true that the United States Supreme Court has "recognized a narrow category of civil cases in which the State must provide access to its judicial processes without regard to a party's ability to pay court fees." M.L.B. v. S.L.J., 519 U.S. 102, 113 (1996). However, that Court has further noted that "a constitutional requirement to waive court fees in civil cases is the exception, not the general rule." Id. at 114. The federal Constitution requires that an indigent person be allowed to pursue a civil case without prepayment of fees only when a "fundamental interest" is at stake. Generally, the United States Supreme Court has found a "fundamental interest" at stake only in the extremely limited category of cases "involving state controls or intrusions on family relationships. Id. at 116. Where other "lesser" interests are at stake, the Constitution simply does not require that an indigent person be allowed to pursue a civil case without prepayment of fees. [Citations omitted]. Plaintiff does not allege that his cases in which a stay has been enforced involve a "fundamental interest" as interpreted by the United States Supreme Court, nor, for that matter, has he alleged that a stay has ever been invoked in any case involving such an interest. Moreover, it is apparent from the attachments to plaintiff's complaint that the stays invoked against him have been in lawsuits he filed against prison officials which would not seem to implicate such a "fundamental interest."

In the instant case, similarly, the attachments to the plaintiff's Complaint reflect that his lawsuit which has been subjected to a state court stay is in the nature of a medical malpractice and/or medical indifference claim brought by him against prison officials at his place(s) of confinement. In the Court's view, this lawsuit does not implicate the type of "fundamental interest" which would entitle the plaintiff to a constitutional right to proceed without payment of court costs and fees. Accordingly, in the absence of the implication of any "fundamental interest", the plaintiff's claim is frivolous as a matter of law and must be dismissed.

Nor does the Court find that the referenced statute is violative of the plaintiff's equal protection rights. The plaintiff, as a convicted felon and an indigent litigant, is not a member of any suspect class. See

Rochon v. Louisiana State Penitentiary Inmate Account, 880 F.2d 845 (5th Cir. 1989). Therefore, the Court need only apply a rational basis test to determine whether restricting his right to pursue state court litigation as a pauper is related to the achievement of a legitimate penological objective. Moreover, a prison regulation which impinges on an inmate's rights may nevertheless be valid if it is reasonably related to a legitimate penological interest. Turner v. Safely, 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). Henthorn v. Swinson, 955 F.2d 351 (5th Cir. 1992).

In the instant case, there is no question that the referenced state statute is in furtherance of a legitimate penological objective: "It can hardly be doubted that deterring frivolous and malicious lawsuits, and thereby preserving scarce judicial resources, is a legitimate state interest." Carson v. Johnson, 112 F.3d 818 (5th Cir. 1997). Moreover, although the state statute is onerous in its effect upon state prisoners, the limitation imposed by the statute is rationally related to and fosters the state interest because it "encourages all prisoners to carefully consider the merit of all lawsuits they file." Mahogany v. La. R.S. 15:1186(A)2), supra. Accordingly, this Court concludes that the automatic stay provision of La. R.S. 15:1186(B)(2) is supported by a rational basis reasonably related to a governmental interest and does not violate the plaintiff's equal protection rights.

Turning to the plaintiff's remaining claim, that prison officials have failed and/or refused to mail certain of his correspondence, it is clear from the face of his Complaint that this claim is subject to dismissal for failure to exhaust administrative remedies as mandated by 42 U.S.C. § 1997e. Pursuant to this statute, the plaintiff was required

to exhaust administrative remedies available to him at the prison prior to commencing a civil action in this Court with respect to prison conditions.[1] This provision is mandatory and allows for no exceptions.

In his Complaint, the plaintiff acknowledged that, at the time that he filed suit herein, "LSP authorities have not responded to the first step" of the administrative process. Whereas exhaustion is an affirmative defense which a prisoner is not required to plead or prove in his Complaint, Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007), the Court is authorized to dismiss a claim, sua sponte, where it is apparent from the face of the Complaint that the inmate has failed to exhaust the prison grievance procedure. Tanner v. Federal Bureau of Prisons, 475 F.Supp.2d 103 (D.D.C. 2007); Bell v. Holden, 2008 WL 544679 (M.D. La. Feb. 28, 2008). In the instant case, the plaintiff concedes that his claim was not administratively exhausted when he filed his lawsuit herein. Because the affirmative defense appears on the face of the Complaint, the plaintiff's claim is subject to dismissal for failure to exhaust administrative remedies as mandated by 42 U.S.C. § 1997e.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that the plaintiff's claim regarding the alleged unconstitutionality of La. R.S. 15:1186 be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e), that the plaintiff's claim regarding mishandling of his prison mail be

---

[1] Section 1997e(a) provides that, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

dismissed for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e, and that this action be dismissed.

Baton Rouge, Louisiana, this 5th day of June, 2008.

**CHRISTINE NOLAND**
**MAGISTRATE JUDGE**