UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAVID D. CLIFFORD (#109543)                         CIVIL ACTION
    A/K/A MICHAEL J. COLEMAN

VERSUS

STATE OF LOUISIANA, ET AL.                          NO. 07-0955-RET-CN

O R D E R

In other litigation filed by the plaintiff in this Court, <u>David D. Clifford v. James LeBlanc, et al.</u>, Civil Action No. 09-0105-FJP-CN, the Court was placed on notice, by return of mail sent to the plaintiff at his record address, that he had been "release[d]" and was no longer confined at the facility identified in the original Complaint as his record address. Accordingly, on July 2, 2010, the Court entered an Order in the above-captioned proceeding, rec.doc.no. 47, directing the plaintiff, within thirty (30) days of the date of the Order, to advise the Court, in writing, whether he wishes to continue to proceed with this case. The plaintiff was specifically advised that "a failure to respond to this Order within the time allowed shall be interpreted by the Court as signification that he does not wish to proceed or as an indication that he is no longer confined at the place given as his record address and that he has failed to comply with the Court's rules by giving timely notice of his new address." <u>Id.</u> The service copy of the referenced Order has now been returned to the Court as undeliverable because the plaintiff is no longer confined at the institution given as his record address. It appears, therefore, that the plaintiff has lost interest in the above-captioned litigation since his apparent release from confinement.

Pursuant to Uniform Local Rule 41.3M, the failure of a pro se litigant to keep the Court apprised of an address change may constitute cause for dismissal for failure to prosecute when a notice has been returned to a party or the Court for the reason of an incorrect address, and no correction has been made to the address for a period of thirty (30) days. In such instance, the imposition of a sanction against the plaintiff is appropriate, and a sanction less severe than dismissal is neither feasible nor warranted. If the Court were to impose a less severe sanction, there would be no means by which to give the plaintiff notice of the sanction. A sanction which is unknown to the sanctioned party, and for that reason cannot be enforced, is no sanction at all. Accordingly, the plaintiff's claims shall be dismissed for failure to prosecute.

Judgment shall be entered accordingly.

Baton Rouge, Louisiana, this 11th day of August, 2010.

RALPH E. TYSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT